IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

**KARL EBERT and CAROL KRAUZE,**
individually and on behalf of
all persons similarly situated,

                              Plaintiffs,

    -v-

                                                          Case No.

**GENERAL MILLS, INC.,**

                                                          JURY TRIAL DEMANDED

                              Defendant.

**COMPLAINT – CLASS ACTION**

Plaintiffs, Karl Ebert and Carol Krauze, individually and on behalf of all others similarly situated, by and through their attorneys, Mark Thieroff of Siegel Brill, P.A., Shawn M. Collins and Edward J. Manzke of the Collins Law Firm, P.C., and Norman B. Berger and Michael D. Hayes of Varga Berger Ledsky Hayes & Casey, for their Complaint against Defendant, General Mills, Inc. ("GMI") state as follows:

**NATURE OF THE ACTION**

1. This is a class action lawsuit brought by and on behalf of owners of residential properties located in an area in Minneapolis, Minnesota, that has a serious vapor intrusion problem caused by contamination emanating from an industrial facility (the "Facility") that was previously owned and operated by General Mills, Inc. ("GMI"). The impacted area in Minneapolis, part of what is known as the Como neighborhood, is a residential area comprised of family homes as well as rental properties occupied by many students from the nearby University of Minnesota.

2. Over the course of many years, GMI released large volumes of toxic chemicals onto the ground and into the environment at the Facility. The toxic chemicals released by GMI at the Facility have migrated in vapor form into the surrounding residential area, impacting and/or threatening properties throughout the Class Area (as that term is defined below in Paragraph 18). Properties throughout the Class Area have been and continue to be exposed to and/or threatened by these toxic chemicals, which are present in vapor form in unsafe levels within, beneath and adjacent to their homes.

3. The value of homes owned by Plaintiffs and other property owners throughout the Class Area has been substantially diminished due to the vapor intrusion contamination caused by GMI. This lawsuit seeks to recover these lost property values, costs Plaintiffs have incurred to protect themselves and their properties' residents from the contamination, as well as other damages.

4. GMI has failed to adequately investigate and remediate the contamination present at the Facility, which continues to migrate in vapor form onto properties throughout the Class Area. GMI has failed to adequately investigate and delineate the geographical scope of contamination emanating from the Facility, and has taken insufficient steps to remediate the vapor intrusion issues known to exist on properties owned by Plaintiffs and others throughout the Class Area. This lawsuit thus seeks injunctive relief against GMI, specifically the entry of an order which 1) preliminarily and permanently restrains and enjoins GMI from allowing its toxic vapor contamination from continuing to migrate onto Plaintiffs' and other Class Area properties, 2) compels GMI to investigate and delineate the geographical scope of contamination caused by GMI's releases of hazardous substances and wastes, and 3) compels GMI to sufficiently and

permanently abate the contamination it has caused at the Facility, on Plaintiffs' and Class Area properties, and on other impacted properties in the area.

## THE PARTIES

5. Defendant GMI is a Delaware corporation with its principal place of business located in Golden Valley, Minnesota. Upon information and belief, GMI owned and operated the Facility, located at 2010 East Hennepin Avenue in Minneapolis, from approximately 1930 through 1977.

6. Plaintiffs own residential property located within the Class Area at 1044 20th Ave. S.E., Minneapolis, Minnesota.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case arises under the laws of the United States of America; specifically, because Count I is predicated upon and seeks relief pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607.

8. This Court has supplemental jurisdiction over the Minnesota state law claims set forth in Counts II through V pursuant to 28 U.S.C. § 1367.

9. Pursuant to 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b), venue is proper in this Court because GMI has its corporate headquarters within this judicial district and because this case arises out of actions (including the release of environmental contaminants) occurring at, and pertaining to property located within, this judicial district.

## **ALLEGATIONS COMMON TO ALL CLAIMS**

10. Various hazardous substances, including trichloroethylene ("TCE"), a human carcinogen, were used at the Facility during GMI's ownership and operation of the Facility.

11. During its ownership and operation of the Facility, GMI disposed of and released various hazardous substances, including TCE, into the environment at the Facility.

12. The hazardous substances and hazardous wastes, including TCE, released by GMI at the Facility have migrated and continue to migrate in vapor form onto or immediately adjacent to all properties in the Class Area. TCE vapors are present beneath, inside or adjacent to homes throughout the Class Area, threatening the health of all residents in the Class Area. Plaintiffs and members of the Class first learned in 2013 that properties in the Class Area were impacted and/or threatened by vapor intrusion of contamination emanating from the Facility.

13. As a result of GMI's contamination, the value of properties in the Class Area has been severely diminished. Further, Plaintiffs and other members of the Class have been forced to live in homes impacted and/or threatened by vapor intrusion contamination, resulting in the loss of the reasonable use and enjoyment of their property, and aggravation and annoyance.

14. GMI has failed to adequately investigate and remediate the vapor intrusion contamination caused by its unlawful waste handling practices, which continues to migrate into and throughout the Class Area.

15. GMI has failed to adequately investigate and delineate the geographical scope of the vapor contamination emanating from the Facility.

16. GMI has taken insufficient steps to remediate the vapor intrusion contamination known to exist on and adjacent to properties throughout the Class Area.

## CLASS ALLEGATIONS

17. Plaintiffs bring each of the claims in this action in their own names and on behalf of a class of all persons similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

18. The Class consists of all persons and non-governmental entities that own residential property within the "Class Area." The geographical boundaries of the Class Area are depicted on the figure attached hereto as Exhibit 1.[1]

19. The Class Area consists of more than two hundred (200) properties. Upon information and belief, the Class consists of well more than one hundred (100) persons and/or legal entities, and is accordingly so numerous that joinder of all members is impractical.

20. There are core questions of law and fact that are common to each member of the Class, such as: whether there have been releases of hazardous substances and wastes, including TCE, at and from the Facility; whether such releases have migrated in vapor form into and impacted and/or threatened properties within the Class Area; whether GMI is legally responsible for the vapor contamination in the Class Area; whether Plaintiffs and the Class have been damaged by the vapor contamination caused by the Facility; and whether GMI should be ordered to abate the vapor contamination present in the Class Area.

21. Plaintiffs' claims are typical of the claims of the Class. All claims seek recovery on the same legal theories and are based upon GMI's common course of conduct.

22. Plaintiffs will fairly and adequately represent and protect the interests of the Class.

---

[1] The geographic boundaries of the Class Area have been determined based on information presently available to Plaintiffs. Plaintiffs reserve the right to later expand the boundaries of the proposed Class Area based on information (including future testing) not presently available to Plaintiffs.

23. Plaintiffs have retained counsel who are competent and experienced in class action litigation, including environmental class action suits such as this one.

## COUNT I

## CERCLA COST RECOVERY, 42 U.S.C. § 9607(a)

24. Plaintiffs, individually and on behalf of the Class defined herein, repeat, reallege and incorporate by reference paragraphs 1 through 23 of the Complaint as paragraph 24 of this Count I, as though fully set forth herein.

25. GMI is a "person" as defined by Section 101(21) of CERCLA, 42 U.S.C. §9601(21).

26. The Facility is a "facility" as defined by § 101 (9) of CERCLA, 42 U.S.C. § 9601(9).

27. GMI owned and operated the Facility during a time period when hazardous substances, including TCE, were disposed of into the environment at the Facility. GMI is thus a "covered person" that is liable under Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2).

28. Releases of hazardous substances, including TCE, from the Facility into the Class Area are continuing.

29. These releases have resulted in the migration of hazardous substances, including TCE in vapor form, into the Class Area.

30. As a result of these releases, Plaintiffs and members of the Class have incurred and will continue to incur "response costs" within the meaning of Section 101(23)-(25) of CERCLA, 42 U.S.C. §§ 9601 (23)-(25). All such costs are reasonable and, when applicable, consistent with the National Contingency Plan. Plaintiffs did not pollute the Facility, contaminate their own properties, or otherwise cause any releases of hazardous substances,

6

including TCE.  Accordingly, GMI is strictly liable under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a) for all such costs.

## COUNT II

## NEGLIGENCE

31.     Plaintiffs repeat, reallege and incorporate by reference paragraphs 1 through 23 of this Complaint as paragraph 31 of this Count II, as though fully set forth herein.

32.     GMI had and has a duty to Plaintiffs and the Class not to permit or allow hazardous substances and hazardous wastes, including TCE, used at the Facility to impact and/or threaten Plaintiffs' and Class Area properties.  GMI also had and has a duty to promptly respond to known releases of contaminants in a manner which would prevent further vapor intrusion contamination, and otherwise protect Plaintiffs and the Class from this vapor intrusion contamination and the impacts it has on Class Area properties.

33.     GMI has breached these duties by its negligent acts and omissions in owning, operating, maintaining, and controlling the Facility, by its improper release and disposal of contaminants, by its failure to properly handle, dispose of, contain and abate the hazardous wastes at, and released from, the Facility, and by its failure to promptly and effectively investigate and address the migration of vapor intrusion contamination off-site and into the surrounding residential areas.

34.     GMI has also breached its duty to timely warn Plaintiffs and the Class of the actual and/or threatened vapor intrusion contamination of their properties, and the risk of personal harm due to the presence of PCE and TCE vapors within and beneath their homes.

35.     GMI's breaches of its duties to Plaintiffs and the Class are continuing and have caused substantial injury and damage to Plaintiffs and the Class, including, but not limited to,

injury in the form of damages to their property, loss of property value, loss of the reasonable use and enjoyment of their property, and aggravation and annoyance. In addition to compensatory damages, Plaintiffs and the Class also seek injunctive relief under this Count, in the form of an injunctive order restraining and enjoining GMI from allowing continued vapor intrusion contamination of Plaintiffs' and Class members' properties and compelling GMI to abate the vapor intrusion contamination it has caused in the Class Area.

## COUNT III

## PRIVATE NUISANCE

36. Plaintiffs repeat, reallege and incorporate by reference paragraphs 1 through 23 and 31 through 35 of this Complaint as paragraph 36 of this Count III, as though fully set forth herein.

37. The Facility is a private nuisance to Plaintiffs and the Class. GMI remains in control of the Facility with respect to addressing the contamination present there and which continues to cause vapor intrusion contamination throughout the Class Area.

38. Contaminants improperly disposed at and released from the Facility continue to migrate in vapor form onto Class Area properties.

39. GMI has failed to properly dispose of, contain and abate the hazardous wastes at, and released from, the Facility. GMI's continuing control over the Facility, so as to cause and permit further vapor intrusion contamination of Class Area properties, constitutes an unreasonable, unwarranted and unlawful use of the Facility. GMI's control and maintenance of this nuisance has substantially interfered with Plaintiffs' and other Class members' reasonable use and enjoyment of their properties.

40. Plaintiffs and the Class have suffered substantial damage as a result of GMI's control and ongoing maintenance of the Facility, a private nuisance. In addition to compensatory damages, Plaintiffs and the Class also seek injunctive relief under this Count, in the form of an injunctive order restraining and enjoining GMI from allowing continued vapor intrusion contamination of Plaintiffs' and Class members' properties and compelling GMI to abate the vapor intrusion contamination it has caused in the Class Area.

## COUNT IV

## TRESPASS

41. Plaintiffs repeat, reallege and incorporate by reference paragraphs 1 through 23 and 31 through 40 of this Complaint as paragraph 41 of this Count IV, as though fully set forth herein.

42. GMI continues to cause and permit vapor intrusion contaminants to enter Plaintiffs' and Class Area properties. This entry is unlawful and without the consent of Plaintiffs and the Class.

43. In addition, vapor intrusion contaminants that originate from the Facility are known, or should be known, by GMI to be present at, on and/or inside Class Area properties. In spite of this knowledge, GMI has failed to remove or otherwise sufficiently remediate these hazardous waste contaminants from Class Area properties.

44. GMI has failed to properly dispose of, contain and abate the hazardous wastes at, and released from, the Facility. GMI's past and continuing wrongful acts and omissions have resulted, and continue to result in: releases of contaminants from the Facility into the environment; migration of such contaminants in vapor form to Class Area properties; and invasion of Class Area properties, without the consent of Plaintiffs and the Class.

9

45. The invasion of Class Area properties is unreasonable and unlawful. As a result of GMI's continuing trespasses, the lawful rights of Plaintiffs and Class Members to use and enjoy their properties has been substantially interfered with, and Plaintiffs and the Class have been damaged. In addition to compensatory damages, Plaintiffs and the Class also seek injunctive relief under this Count, in the form of an injunctive order restraining and enjoining GMI from allowing continued vapor intrusion contamination of Plaintiffs' and Class members' properties and compelling GMI to abate the vapor intrusion contamination it has caused in the Class Area.

## COUNT V

## WILLFUL AND WANTON MISCONDUCT

46. Plaintiffs repeat, reallege and incorporate by reference paragraphs 1 through 23 and 31 through 45 of this Complaint as paragraph 46 of this Count V, as though fully set forth herein.

47. GMI has acted in a willful and wanton manner and in reckless indifference to Plaintiffs' and the Class's health and property, and to the safety of the general public.

48. GMI knew that Plaintiffs and the Class are exposed to and/or threatened by this contamination, yet has intentionally failed to promptly and adequately investigate and mitigate the threat to Plaintiffs and the Class.

49. GMI has failed to properly dispose of, contain and abate the hazardous wastes at, and released from, the Facility. GMI has failed to adequately remediate the Facility and thereby has continued to contaminate Class Area properties. GMI also has failed to sufficiently remediate Class Area homes, exposing Plaintiffs and the Class to hazardous chemicals.

50. As a direct and proximate result of the willful, wanton and reckless acts and/or omissions of GMI, Plaintiffs and the Class have sustained damages. In addition to compensatory damages, Plaintiffs and the Class also seek injunctive relief under this Count, in the form of an injunctive order restraining and enjoining GMI from allowing continued vapor intrusion contamination of Plaintiffs' and Class members' properties and compelling GMI to abate the vapor intrusion contamination it has caused in the Class Area.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs and the Class request that this Court enter judgment in their favor and against Defendants, and specifically request entry of the following relief:

A. that the Court certify Plaintiffs' action as a class action on behalf of all others similarly situated, appoint Plaintiffs' counsel as counsel for the Class, and order that Notice be given to the Class of this action;

B. that the Court declare that Defendants are liable under Section 107(a) of CERCLA for the response costs incurred and to be incurred by Plaintiffs and the Class in connection with the release of hazardous substances, including pre-judgment interest on such costs and order that Defendants reimburse Plaintiffs and the Class for such response costs;

C. that the Court award Plaintiffs and the Class compensatory and other appropriate damages in amounts to be determined by the evidence at trial and allowed by law;

D. that the Court award Plaintiffs and the Class damages as allowed by law and in an amount sufficient to deter GMI and other companies and/or individuals who are similarly situated from acting in a similar manner;

E. that the Court preliminarily and permanently restrain and enjoin GMI from allowing continued vapor intrusion contamination of Class Area properties and compel GMI to abate the vapor intrusion contamination it has caused on Class Area properties; and

F. that the Court award Plaintiffs and the Class their costs of suit and such other and further relief as the Court deems appropriate and just.

## **JURY TRIAL DEMANDED**

Plaintiffs and the Class request trial by jury on all issues so triable.

Dated:  December 5, 2013

                                By:  s/ Mark Thieroff
                                       One of Plaintiffs' Attorneys

Mark Thieroff
SIEGEL BRILL, P.A.
100 Washington Ave. S.
Suite 1300
Minneapolis, Minnesota  55401
(612)337-6100


Shawn M. Collins*
Edward J. Manzke*
THE COLLINS LAW FIRM, P.C.
1770 N. Park Street
Suite 200
Naperville, Illinois  60563
(630) 527-1595


Norman B. Berger*
Michael D. Hayes*
VARGA BERGER LEDSKY HAYES & CASEY
A Professional Corporation
125 South Wacker Drive
Suite 2150
Chicago, Illinois  60606
(312) 341-9400

Counsel for Plaintiffs and the Class


* Application for admission to practice in the District of Minnesota to be submitted.